# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN L. GIBBS,

   Petitioner,

         v.

UNITED STATES OF AMERICA,

   Respondent.

Case No. 17-cv-00561-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Ryan L. Gibbs' Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Mr. Gibbs' motion survives this threshold review and the Court orders the government to file its response.

On December 8, 2015, Mr. Gibbs plead guilty to one count of possession with intent to distribute cocaine. *See USA v. Gibbs*, 15-cr-40037-JPG, Doc. 30. He was sentenced on March 22, 2016, to imprisonment for 216 months, three years of supervised release, a fine of $200.00 and a special assessment of $100.00. *See USA v. Gibbs*, 15-cr-40037-JPG, Doc. 37. He appealed and the United States Court of Appeals for the Seventh Circuit affirmed the judgment of the district court on January 6, 2017. *See USA v. Gibbs*, 16-1747 (7th Cir. 2017).

The petitioner filed this timely *pro se* § 2255 motion (Doc. 1) on January 17, 2017. In his petition, Mr. Gibbs presents two claims. The first claim is based upon the Supreme Court decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016)(holding that the "application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense.") *Id.* at 2257.

The petitioner is claiming that he is entitled to resentencing without a career offender enhancement based on *Mathis*. Specifically, Mr. Gibbs is arguing that his prior Illinois drug offenses "[n]o Longer Qualify as Career Offender Predicate "Controlled Substance Offenses," Because Illinois Defines "Delivery" More Broadly [than] USSG §4B1.2." The Court would also request that the government address any effect the Supreme Court decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) may have on Mr. Gibbs' claim under *Mathis* since the *Mathis* court was addressing the ACCA and not sentencing guidelines.

Mr. Gibbs second claim is that he received ineffective assistance of counsel on appeal. *Mathis* was decided on June 23, 2016, and petitioner argues that his appellate counsel should have raised *Mathis* on direct appeal.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has performed a preliminary review of the § 2255 motion and has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.

Therefore, the Court **ORDERS** the Government to file a response to Mr. Gibbs' petition (Doc. 1) by **June 30, 2017.** The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **July 17, 2017**. If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:** 6/5/2017

                                        *s/J. Phil Gilbert*
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**