# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN L. GIBBS,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil Case No. 3:17-cv-00561-JPG<br>---<br>Criminal Case No. 15-40037-JPG |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

　　　This case asks whether the Illinois state offense of "unlawful delivery of a controlled substance" qualifies as a controlled substance offense pursuant to United States Sentencing Guideline §4B1.2. In Petitioner Ryan L. Gibbs's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, he asserts that the offense does not trigger §4B1.2 because of the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016), arguing that Illinois defines "delivery" more broadly than §4B1.2. (ECF No. 1.) Gibbs also claims that his appellate counsel was ineffective for failing to raise this argument on appeal—an alleged violation of the Sixth Amendment. (*Id.*)

　　　The Court must grant the § 2255 motion if Gibbs's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. This form of relief, however, is available "only 'in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878–79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively

1

demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Shortly after the parties briefed this issue for the Court, the Seventh Circuit issued an opinion that squashes Gibbs's argument:

> The definition that underlies the offense established by 720 ILCS 570/401 [unlawful delivery of a controlled substance] tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense…it would be frivolous for counsel to argue that Redden is not a career offender.

*United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1343, 200 L. Ed. 2d 526 (2018). Accordingly, Gibbs's ineffective assistance of counsel argument also fails—attorneys should not bring frivolous arguments on appeal, and failing to do so certainly does not result in any prejudice. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). And as a final matter, to the extent that Gibbs argued that an "attempted transfer" offense does not qualify under §4B1.2, his argument fails in light of the application notes to the guidelines: §4B1.2 n.1 states that inchoate crimes—including crimes of attempt—meet the requirements of §4B1.2. Gibbs concedes this in his reply brief. (ECF No. 10, p. 1.)

Having denied the petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. The petitioner has made no such showing, so the Court declines to issue a certificate of appealability. Pursuant to Rule 11(a), the petitioner may not appeal the denial of a

certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Gibbs's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), **DECLINES** to issue him a certificate of appealability, **DISMISSES** this action with prejudice, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: JUNE 29, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
